UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CR-20515-PCH

UNITED STATES OF AMERICA

        Plaintiff

vs.

ARISMAL TORBIMONTERO,

        Defendant.

_____/

**DEFENDANT, ARISMAL TORI-MONTERO'S,
OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

The Defendant, Arismal Tori-Montero, (hereinafter referred to as "Mr. Tori-Montero"), by and through his undersigned counsel, and pursuant to U.S.S.G. § 6A1.2-3, p.s., Fed.R.Crim. P. 32(d), 32(e)(2), 32(f) and the Fifth Amendment to the United States Constitution, respectfully submits his Objections to the Presentence Investigation Report [D.E. 53], and states as follows:

**OBJECTIONS**

**Offense Conduct and Role**

1. **Objection to Paragraph 15: Role Assessment**

The defense objects to Paragraph 15 of the Presentence Investigation Report, which concludes that Mr. Tori-Montero, Mr. Perez-Mesa, and Mr. Hernandez-Pardo are "equally culpable participants" <u>and</u> recommends no role adjustment.

First, the defense has discussed this point with the government and the parties agree that Mr. Tori-Montero and his co-defendants are similarly situated. However, we submit that they are similarly situated only insofar as they each qualify as minor participants under U.S.S.G. § 3B1.2.

Second, the PSI fails to apply the proper mitigating role analysis that is required in this type of case. The PSI summarily denies a mitigating role adjustment without applying the two-prong analysis required under *De Varon*. *See* United States v. De Varon, 175 F.3d 930, 940–45 (11th Cir. 1999) (en banc). Specifically, the PSI fails to compare each defendant's role to the relevant conduct for which they are held accountable and more importantly, fails to compare the Mr. Tori-Montero's role to that of other participants in the broader criminal scheme.

Third, the record and factual proffer reflects that these defendants were crewmembers recruited to man a go-fast vessel, with no ownership interest in the drugs, no role in planning or organizing the operation, and no decision-making authority. They were to be paid only a small, pre-determined amount for their participation. Although the offense involved approximately 600 kilograms of cocaine, Eleventh Circuit precedent makes clear that drug quantity alone does not preclude a mitigating-role adjustment. These facts place them squarely within the class of offenders for whom § 3B1.2 is designed.

The defense respectfully requests that Paragraph 15 be revised to reflect that Mr. Tori-Montero, Mr. Perez-Mesa, and Mr. Hernandez-Pardo are similarly situated as minor participants under U.S.S.G. § 3B1.2(b), and that a two-level mitigating-role adjustment be applied to each.

2. **Objection to Paragraph 17 and 18: "Specific Offense Characteristics"**

Mr. Tori-Montero The defense objects to the inclusion of Paragraph 17's characterization of the defendant's conduct as warranting an obstruction-related enhancement.

First, the misapplication of this enhancement is contrary to the plea agreement. *See* DE 69, Paragraph 66 of the PSI. The written plea agreement provides that the United States agreed

that it would not seek an obstruction of justice enhancement pursuant to §§ 3C1.1 or 3C1.2. This negotiated term was material to the plea and is based on agreement that such an enhacment should not apply based on the facts of the case.  Its inclusion in the PSI contradicts the agreement of the parties.

Second, there is not factual basis to support such an enhancement. Paragraph 17 merely recites that the crew was observed jettisoning package and that the GFV refused to stop, which may have caused or resulted in the Coast Guard firing warning shots. These facts are duplicative of the general offense conduct already described in Paragraphs 11–13 and do not identify any individualized, reckless conduct by Mr. Tori-Montero that created a substantial risk of death or serious injury. Mere presence on a non-compliant vessel does not satisfy the specific mens rea and causal connection required for § 3C1.2.

Third, such an enhancement creates an improper conflation of these details with the the offense conduct inherent to this type of maritime case. The actions described are inherent in to most if not all maritime drug smuggling interdictions of this type and do not rise to the type of egregious conduct contemplated by § 3C1.2. Courts have held that routine flight or failure to comply with interdiction commands, without more, does not warrant this adjustment and certainly not indiscriminately amoung similarly situated crewmembers.

Lastly, the alleged conduct forming the basis for applying the enhancement (refusing to stop, jettisoning bales) is already accounted for in the base offense level and the statutory framework for maritime smuggling. Adding an obstruction-related enhancement on the same facts constitutes impermissible double-counting. Accordingly, the defense requests that the two-level increase in Paragraph 18 be removed.

**Offense Level Computation:**

3. **Objection to Paragraph 24: Adjustment for Role in the Offense:**

The defense respectfully requests that Paragraph 24 be revised to reflect the applicability of a mitigating-role adjustment under U.S.S.G. § 3B1.2(b) and that a two-level reduction be applied.

The defense further notes that if the Court sustains the objection to Paragraphs 15 and 24 and applies a mitigating-role adjustment under U.S.S.G. § 3B1.2, then a corresponding reduction to the base offense level under U.S.S.G. § 2D1.1(a)(5) is warranted. Specifically, § 2D1.1(a)(5) provides that in a with 450 kilograms or more of cocaine and a corresponding based offense level of 38, the base offense level shall be reduced by 4 levels. This reduction should be applied to Mr. Tori-Montero's Offense Level Computaions.

4. **Objection to Paragraph 25: Adjustment for Obstruction of Justice:**

The defense respectfully requests that Paragraph 25 be revised to remove the two-level enhancement under U.S.S.G. § 3C1.2, thereby reducing the total offense level accordingly.

5. **Objection to Paragraph 26: Ajusted Offense Level Calculation:**

The defense respectfully requests that Paragraph 26 be revised to removed the incorrect Adjusted Offense Level of 38:

- Apply a 2-level reduction under Safety Valve and § 2D1.1(b)(18);
- Apply a 2-level mitigating-role reduction under § 3B1.2.
- Reduce the base offense level by 4 levels under § 2D1.1(a)(5); and
- Remove the 2-level enhancement for obstruction under § 3C1.2.

These combined adjustments would result in an adjusted offense level of **30** and more accurately reflect the defendant's actual role and culpability.

**6. Objection to Paragraph 30: Total Offense Level**

The defense objects to Paragraph 30 of the Presentence Investigation Report, which calculates a total offense level of 33. As outlined in the objections to Paragraphs 15, 24, 25, and 26, the following adjustments should apply:

- Reduction of 2 levels under § 3B1.2 for mitigating role (minor participant).
- Reduction of 4 levels under § 2D1.1(a)(5) for a mitigating-role participant in a high-quantity drug offense.
- Reduction of 2 levels under § 2D1.1(b)(18) for meeting the safety-valve criteria.
- Removal of the 2-level enhancement under § 3C1.2 (obstruction), which is unsupported by individualized findings and inconsistent with the plea agreement.
- Retention of the 3-level reduction for acceptance of responsibility under § 3E1.1.
- Retention of the 2-level reduction for Zero-Point Offender under § 4C1.1.

Applying these adjustments reduces the total offense level from 33 to **25**.

**Sentencing Options**

**7. Objection to Paragraph 64: Guideline Provisions.**

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 25* and a criminal history category of I, the *advisory guideline imprisonment range* is **57-71 months**, before the application of any applicable downward variances that this Honorable Court may deem appropriate.

**WHEREFORE**, the Defendant, Arismal Tori-Montero, respectfully prays that this Honorable Court sustain the within objections to the Draft Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

/s/ Eduardo X. Pereira
Eduardo X. Pereira
Attorney for Mr. Tori-Montero
Florida Bar No. 0019314
2600 S. Douglas Road, Suite 1004
Coral Gables, Florida 33134
Tel: 786-360-1341
email: eddie@ariasandpereira.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Eduardo X. Pereira
Eduardo X. Pereira

7